NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1215

———————

UNITED STATES OF AMERICA

v.

JOSEPH C. LONG,

Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-21-cr-00493-001)
District Judge:  Honorable Joseph H. Rodriguez

———————

Submitted under Third Circuit LAR 34.1(a)
on November 1, 2023

Before: JORDAN, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion filed: February 13, 2024)

———————

OPINION[*]

———————

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Joseph Long pleaded guilty to one count of possession with intent to distribute cocaine. The District Court applied several enhancements to his sentence, including the "Career Offender" and "Stash House" enhancements, resulting in a sentencing range of 168 to 210 months' imprisonment under the United States Sentencing Guidelines. It then sentenced Long to 156 months' imprisonment. It correctly applied the Career Offender enhancement, and any error in the application of the Stash House enhancement was harmless in this case. We will, therefore, affirm the judgment of sentence.

## I.    BACKGROUND

On January 15, 2020, police officers searched Long's apartment and his mother's residence. During the search of Long's apartment, officers seized cocaine and other drug-trafficking paraphernalia. During the search of his mother's residence, officers seized cocaine, heroin, marijuana, drug paraphernalia, firearms, and cash. On March 24, 2022, Long pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

Long faced a statutory maximum sentence of 20 years' imprisonment. After accounting for his previous state felony convictions,[1] the presentence investigation report (PSR) calculated the applicable sentence range under the Guidelines as 168 to 210 months. The District Court considered the 18 U.S.C. § 3553(a) factors and sentenced Long to 156

---

[1] These include New Jersey state felony convictions for aggravated assault, distribution of marijuana, and distribution of heroin.

months' imprisonment followed by a three-year term of supervised release, slightly below the Guidelines range.

The District Court applied two sentencing enhancements at issue here. First, it applied the Career Offender enhancement under U.S.S.G. § 4B1.1(b)(2) based on Long's prior state convictions. Second, it applied the Stash House enhancement under U.S.S.G. § 2D1.1(b)(12) because Long "maintained a premises for the purpose of manufacturing or distributing a controlled substance."[2] Long appeals the District Court's application of these two enhancements.

## II.      JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review legal interpretation of the Guidelines *de novo*[3] and findings of fact for clear error.[4] Applications of sentencing enhancements are also subject to harmless error review.[5]

## III.      ANALYSIS

Long first challenges the District Court's application of the two-level Stash House enhancement under U.S.S.G. § 2D1.1(b)(12). For the enhancement to apply, the government must prove by a preponderance of the evidence that a defendant maintained

---

[2] U.S.S.G. § 2D1.1(b)(12).
[3] *United States v. Upshur*, 67 F.4th 178, 180 (3d Cir. 2023); *United States v. Nasir*, 17 F.4th 459, 468 (3d Cir. 2021) (en banc).
[4] *United States v. Rodriguez*, 40 F.4th 117, 120 (3d Cir. 2022).
[5] Even if a district court misapplies the Guidelines, remand is inappropriate when we "conclude[], on the record as a whole, that the error was harmless[.]" *Williams v. United States*, 503 U.S. 193, 203 (1992) (citing Fed. R. Crim. P. 52(a)).

his residence for the purpose of distributing drugs.[6]  A defendant does not maintain a residence "for the purpose" of drug-trafficking under Section 2D1.1(b)(12) where the drug distribution activities were only an incidental or collateral use of the residence.[7]  Long argues that the drug distribution activities at his apartment were minimal and that he principally used his car and his mother's residence instead.  The District Court, however, found that Long's use of his own apartment for drug-distribution was more than "incidental or collateral."  Even if that finding was in error—and we do not suggest that it was—any error was nonetheless harmless.

When a sentencing enhancement is wrongly applied, that error is harmless if it "did not affect the [] court's selection of the sentence imposed."[8]  An important consideration in harmless error review is whether the enhancement at issue had any bearing on the Guideline range applicable to the petitioner.[9]  Here, the Stash House enhancement did not affect the Guidelines range because the District Court separately applied the Career Offender enhancement.  That enhancement alone resulted in a total offense level of 30,

---

[6] *United States v. Carter*, 834 F.3d 259, 261 (3d Cir. 2016).

[7] U.S.S.G. § 2d1.1, cmt. n.17 ("Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises.").

[8] *Williams v. United States*, 503 U.S. 193, 203 (1992) (citing Fed. R. Crim. P. 52(a)).

[9] *See, e.g., United States v. Perez-Colon*, 62 F.4th 805, 817 (3d Cir. 2023) ("Although the District Court should not have applied the § 4B1.5(b) enhancement, we hold its error was harmless, largely because it did not affect [petitioner's] advisory Guidelines range."); *accord United States v. Hollow*, 208 F.3d 218, 2000 WL 307266, at *1 (8th Cir. 2000) (unpublished table decision) (finding harmless error because "[w]ith or without the challenged enhancement, [petitioner's] offense level would have been [the same] because he was a career offender").

even accounting for a two-level downward departure for Long's acceptance of responsibility. Meanwhile, the Stash House enhancement would have only raised the applicable offense level from 24 to 26. Put simply, the Career Offender enhancement trumped the Stash House enhancement. As a result, it had no bearing on the Guidelines range applicable to Long. Although not dispositive, we give that fact significant weight.[10] Moreover, the District Court imposed a sentence below the Guidelines range.[11] Thus, we conclude that the application of the Stash House enhancement, even if erroneous, did not prejudice Long.

Second, Long challenges the District Court's application of the Career Offender enhancement on the ground that his prior New Jersey state convictions for marijuana and heroin distribution do not qualify as predicate "controlled substance offense[s]" under U.S.S.G. § 4B1.2(b). Long contends that is so because New Jersey state law defines marijuana and heroin more broadly than does the federal Controlled Substances Act. However, Long rightly acknowledges that this argument is foreclosed by *United States v. Lewis*.[12] In *Lewis*, we rejected the view that a "controlled substance" refers only to those substances controlled under federal law. Instead, we held that it refers to those regulated by either state or federal law.[13] Other circuit courts of appeals remain divided on this issue,

---

[10] *United States v. Perez-Colon*, 62 F.4th 805, 817 (3d Cir. 2023) (finding harmless error "largely" but not exclusively because the enhancement did not affect the advisory Guidelines range).

[11] *See id*. (holding that a downward departure further supports a finding of harmless error).

[12] 58 F.4th 764 (3d Cir. 2023).

[13] *Id*. at 769.

but the law in our Court is clear.[14]  Thus, the District Court properly applied the Career Offender enhancement.  As noted above, any error in the application of the Stash House enhancement then becomes harmless.

## IV.    CONCLUSION

For the above reasons, we will affirm the judgment of sentence of the District Court.

---

[14] Three circuits hold that "controlled substance" refers to only those substances controlled under federal law.  *United States v. Townsend*, 897 F.3d 66, 74–75 (2d Cir. 2018); *United States v. Gomez-Alvarez*, 781 F.3d 787, 793–94 (5th Cir. 2015); *United States v. Bautista*, 989 F.3d 698, 702 (9th Cir. 2021).  Five circuits, including ours, hold that a "controlled substance" is one regulated by either state or federal law.  *Lewis*, 58 F.4th at 769; *United States v. Ward*, 972 F.3d 364, 372–74 (4th Cir. 2020); *United States v. Ruth*, 966 F.3d 642, 651-54 (7th Cir. 2020); *United States v. Henderson*, 11 F.4th 713, 717–19 (8th Cir. 2021); *United States v. Jones*, 15 F.4th 1288, 1291–96 (10th Cir. 2021).